1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DYKEMA GOSSETT LLP**
DOMMOND E. LONNIE, State Bar No. 142662
  *DLonnie@dykema.com*
ABIRAMI GNANADESIGAN, State Bar No. 263375
  *AGnanadesigan@dykema.com*
444 South Flower Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Defendant, HARLEY-DAVIDSON, INC., a Wisconsin corporation

*(sidebar)* **DYKEMA GOSSETT LLP** 444 SOUTH FLOWER STREET SUITE 2200 LOS ANGELES, CALIFORNIA 90071

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Frederick Zariczny, on behalf of himself, all other similarly situated, and the general public,<br><br>        Plaintiffs,<br><br>    v.<br><br>HARLEY-DAVIDSON, INC., a Wisconsin corporation, and DOES 1 through 20, inclusive,<br><br>        Defendant. | Case No. **'23CV1598 AJB SBC**<br><br>**NOTICE OF REMOVAL**<br><br>Action Filed:        5/31/2023 |

1
NOTICE OF REMOVAL

**DEFENDANT'S NOTICE OF REMOVAL**

Harley-Davidson, Inc. ("Harley-Davidson"), pursuant to 28 U.S.C. § 1441, hereby removes this action from the Superior Court of the State of California, for the County of San Diego, to the United States District Court for the Southern District of California. In support of this Notice of Removal, Harley-Davidson states as follows:

**BACKGROUND**

1.     On or about July 17, 2023, Plaintiff Frederick Zariczny ("Plaintiff") filed a Complaint known and numbered as *Zariczny v. Harley-Davidson, Inc. et al.*, Case No. 37-2023-00029739-CU-PL-NC , in the Superior Court of the State of California for the County of San Diego ("State Court Action").

2.     Harley-Davidson was served with process and a copy of the Complaint in the State Court Action on July 31, 2023.

3.     The Complaint asserts causes of action for: (1) Negligence; (2) Strict Products Liability – Design Defect – Consumer Expectation; (3) Strict Products Liability – Design Defect – Risk-Benefit; (4) Strict Products Liability – Design Defect – Failure to Warn; (5) Products Liability – Negligence; (6) Express Warranty; (7) Implied Warranty of Merchantability; and (8) Implied Warranty of Fitness for Particular Purpose.

4.     A complete copy of the court file in the State Court Action, including the docket sheet, is attached hereto as Exhibits A - I in accordance with 28 U.S.C. § 1446(a).

**DIVERSITY JURISDICTION**

5.     This Court has original jurisdiction of this action under 28 U.S.C. § 1332(a). This action may be removed to this Court by Harley-Davidson pursuant to the provisions of 28 U.S.C. §1441(a) because there is complete diversity of citizenship among the parties pursuant to 28 U.S.C. § 1332(c), and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

6.      Plaintiff is a citizen of San Diego, California. Complaint, ¶ 1.

7.      Harley-Davidson is a citizen of Wisconsin.

8.      Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of defendants sued under fictitious names shall be disregarded when determining removal jurisdiction. Accordingly the citizenship of Does 1 through 20 should not be considered when determining whether jurisdiction based on diversity of citizenship exists.

9.      As set forth above, there is complete diversity between Plaintiff and Harley-Davidson.

10.     The Complaint seeks general damages, special damages, loss of earnings and earning capacity, costs of suit, interest, punitive damages, attorneys' fees, and other damages allowed by law. *See* Prayer for Relief. Plaintiff claims that he suffered "substantial injuries, pain and suffering, loss of enjoyment of life, and other noneconomic damages." Complaint, ¶80. Based on information supplied by Plaintiff's counsel, Plaintiff's medical expenses alone exceed $75,000.

11.     Accordingly, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), as there is complete diversity amongst the parties, and the amount in controversy in this action exceeds $75,000 exclusive of interest and costs.

## REMOVAL IS PROPER AND TIMELY

12.     This Notice of Removal is filed within thirty days of July 31, 2023, the date on which Harley-Davidson was first served with a summons and Complaint. Thus, the Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b).

13.     Removal to this Court is proper pursuant to 28 U.S.C. § 1441(a) because the Southern District of California is the federal judicial district embracing the Superior Court of California, County of San Diego where the State Court Action was originally filed.

14.     Written notice of this Notice of Removal and a copy hereof will be promptly filed in the Superior Court of the State of California, for the County of San

Diego as required by 28 U.S.C. § 1446(d), and copies of the same will be served on Plaintiff.

15.     A copy of all process, pleadings and orders in the State Court Action are attached to this Notice of Removal as Exhibits A - I, as required by 28 U.S.C. § 1446(a). To the extent there are documents in the State Court file that are not included, Defendant will promptly provide the Court with those documents as soon as they are received.

16.     If any questions arise as to the propriety of the removal of this action, Harley-Davidson requests the opportunity to conduct discovery, brief any disputed issues, and to present oral argument in favor of its position that this case is properly removable.

WHEREFORE, the above-described action now pending against Harley-Davidson in the Superior Court of the State of California, County of San Diego, is removed to the United States District Court for the Southern District of California.

DATED:  August 30, 2023          DYKEMA GOSSETT LLP


By: /s/ Dommond Lonnie
DOMMOND E. LONNIE
ABIRAMI GNANADESIGAN
Attorneys for Defendant Harley-Davidson, Inc.

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

**SUPERIOR COURT OF CALIFORNIA**
# County of SAN DIEGO

**Register of Actions Notice**

| | | | |
|---|---|---|---|
| Case Number: | 37-2023-00029739-CU-PL-NC | Filing Date: | 07/17/2023 |
| Case Title: | Zariczny vs Harley-Davidson Inc [IMAGED] | Case Age: | 44 days |
| Case Status: | Pending | Location: | North County |
| Case Category: | Civil - Unlimited | Judicial Officer: | Earl H. Maas, III |
| Case Type: | Product Liability | Department: | N-28 |

## Future Events

| Date | Time | Department | Event |
|---|---|---|---|
| 12/29/2023 | 10:00 AM | N-28 | Civil Case Management Conference - Complaint |

## Participants

| Name | Role | Representation |
|---|---|---|
| Harley-Davidson Inc | Defendant | Lonnie, Dommond Edward |
| Zariczny, Frederick R | Plaintiff | Gomez, Alvin M; Smyslov, Boris |

## Representation

| Name | Address | Phone Number |
|---|---|---|
| GOMEZ, ALVIN  M | GOMEZ LAW GROUP 2725 Jefferson Street 7 Carlsbad CA 92008 | (858) 552-0000 |
| LONNIE, DOMMOND  E | 333 Grand Suite 2100 Avenue Los Angeles CA 90071 | (213) 457-1800 |
| SMYSLOV, BORIS | 2725 Jefferson Street Ste 3 Carlsbad CA 92008 | (858) 552-0000 |

| ROA# | Entry Date | Short/Long Entry | Filed By |
|---|---|---|---|
| 1 | 07/17/2023 | Complaint filed by Zariczny, Frederick R. Refers to: Harley-Davidson Inc | Zariczny, Frederick R (Plaintiff) |
| 2 | 07/17/2023 | Civil Case Cover Sheet filed by Zariczny, Frederick R. Refers to: Harley-Davidson Inc | Zariczny, Frederick R (Plaintiff) |
| 3 | 07/17/2023 | Original Summons filed by Zariczny, Frederick R. Refers to: Harley-Davidson Inc | Zariczny, Frederick R (Plaintiff) |
| 4 | 07/17/2023 | Summons issued. | |
| 5 | 07/17/2023 | Case assigned to Judicial Officer Maas, Earl. | |
| 6 | 07/17/2023 | Civil Case Management Conference scheduled for 12/29/2023 at 10:00:00 AM at North County in N-28 Earl H. Maas. | |
| 7 | 07/17/2023 | Case initiation form printed. | |
| 8 | 08/11/2023 | Proof of Service of 30-day Summons & Complaint - Personal filed by Zariczny, Frederick R. Refers to: Harley-Davidson Inc | Zariczny, Frederick R (Plaintiff) |
| 9 | 08/29/2023 | Answer filed by Harley-Davidson Inc. | Harley-Davidson Inc (Defendant) |

# EXHIBIT A



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2023-00029739-CU-PL-NC          CASE TITLE: Zariczny vs Harley-Davidson Inc [IMAGED]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
　　　　　　(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
　　　　　　(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_
　　　　　　(3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:**  A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:**  A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:**  A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute.  Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u> Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules <u>Division II, Chapter III</u> and Code Civ. Proc. <u>§ 1141.10 et seq</u> or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR</u>: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

# EXHIBIT B

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | *FOR COURT USE ONLY* |
|---|---|

Alvin M. Gomez, Esq. (SBN 137818)
GOMEZ LAW GROUP PC, 2725, Jefferson Street, Suite 3, California 92008

TELEPHONE NO.: (858) 552-0000   FAX NO. *(Optional)*: (760) 542-7761
E-MAIL ADDRESS: alvingomez@thegomezlawgroup.com
ATTORNEY FOR *(Name)*: Frederick Zariczny

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO**
STREET ADDRESS: 325 South Melrose Drive
MAILING ADDRESS: 325 South Melrose Drive
CITY AND ZIP CODE: Vista, California 92081
BRANCH NAME: North County

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**07/17/2023** at 09:53:30 AM
Clerk of the Superior Court
By Amy Woolf,Deputy Clerk

CASE NAME:
Frederick Zariczny v. Harley Davidson, Inc., et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000) | [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 37-2023-00029739-CU-PL-NC |
| | | | JUDGE: |
| | | | DEPT.: Judge Earl H. Maas III |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[x] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify)*: Eight
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: July 17, 2023
Alvin M. Gomez, Esq.

(TYPE OR PRINT NAME)                                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev.September 1, 2021]    **CIVIL CASE COVER SHEET**    Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                        CM-010

**To Plaintiffs and Others Filing First Papers.**  If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1.  This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet.  In item 1, you must check **one** box for the case type that best describes the case.  If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below.  A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit.  A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment.  The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading.  A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

# EXHIBIT C

1  ALVIN M. GOMEZ, ESQ. (SBN 137818)
   alvingomez@thegomezlawgroup.com
2  BORIS SMYSLOV, ESQ. (SBN 297252)
   boris@thegomezlawgroup.com
3  **GOMEZ LAW GROUP**
   2725 Jefferson Street, Suite 3
4  Carlsbad, California 92008
   Telephone: (858) 552-0000
5  Facsimile: (760) 542-7761
6
   Attorney for Plaintiff
7  FREDERICK R ZARICZNY
8
9

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**07/17/2023** at 09:53:30 AM
Clerk of the Superior Court
By Amy Woolf,Deputy Clerk

10          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                    **COUNTY OF SAN DIEGO**

| | |
|---|---|
| 12  FREDERICK R. ZARICZNY,<br><br>13          Plaintiff,<br><br>14  v.<br><br>15  HARLEY-DAVIDSON, INC. and DOES 1<br>16  through 20, inclusive,<br><br>17          Defendants.<br>18 | CASE NO.:  37-2023-00029739-CU-PL-NC<br><br>**COMPLAINT FOR DAMAGES FOR:**<br>**1) NEGLIGENCE;**<br>**2) STRICT PRODUCTS LIABLITY-**<br>**DESIGN DEFECT- CONSUMER**<br>**EXPECTATION;**<br>**3) STRICT PRODUCTS LIABLITY-**<br>**DESIGN DEFECT- RISK- BENEFIT;**<br>**4) STRICT PRODUCTS LIABLITY-**<br>**DESIGN DEFECT- FAILURE TO**<br>**WARN;**<br>**5) PRODUCTS LIABLITY-**<br>**NEGLIGENCE;**<br>**6) EXPRESS WARRANTY;**<br>**7) IMPLIED WARRANTY OF**<br>**MERCHANTABILITY; AND**<br>**8)IMPLIED WARRANTY OF**<br>**FITNESS FOR PARTICULAR**<br>**PURPOSE.** |

27          Plaintiff FREDERICK R. ZARICZNY (hereinafter referred to as "Plaintiff"),

28  hereby alleges:                                    1

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST., SUITE #3
CARLSBAD, CALIFORNIA 92008

1

## I.    PARTIES

2        1.      Plaintiff is, and at all times herein mentioned was, an adult residing in the

3    County of San Diego, State of California.

4        2.      Plaintiff is informed and believes and thereon alleges that Defendant,

5    Harley-Davidson, Inc., and DOES 1 through 20, inclusive, are registered in, and

6    operating throughout, the State of California, including within County of San Diego.

7        3.      Plaintiff is ignorant of the true names and capacities of the defendants,

8    sued herein as DOES 1 through 20, inclusive, and therefore sues these defendants by

9    such fictitious names.  Plaintiff will amend this Complaint to allege their true names

10    and capacities when ascertained.  Plaintiff is informed and believes, and thereon alleges

11    that each of the fictitiously named defendants is negligently responsible in some

12    manner for the occurrences herein alleged, and Plaintiff's injuries as herein alleged

13    were proximately caused by defendants' negligence.

14        4.      Plaintiff is informed and believes and thereon alleges that at all times

15    herein mentioned, each of the defendants sued herein as a "DOE" was the agent and/or

16    employee of each of the remaining defendants, and was at all times acting within the

17    purpose and scope of such agency and/or employment.

18        5.      At all times herein mentioned, DOES 1 through 10, inclusive, were the

19    agents, and/or employees of defendants, and DOES 11 through 20, doing the things

20    hereinafter alleged were acting within the scope and their authority as such agents,

21    servants and employees and with the permission and consent of their co-defendants.

22    ## II.    JURISDICTION AND VENUE

23        6.      This Court has jurisdiction over Harley Davidson, Inc. because Harley-

24    Davidson, Inc. conducts business in San Diego County, State of California and has

25    sufficient minimum contacts in California; or otherwise intentionally avails itself of

26    the markets within California through the promotion, sale, marketing, and

27    distribution of its motorcycles to render the exercise of jurisdiction by this Court

28    proper and necessary.

        7.      Venue is proper in San Diego County because Defendants engage in sale,

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST., SUITE #3
CARLSBAD, CALIFORNIA 92008

distribution and marketing of their Motorcycles in San Diego County, California, and the events leading to Defendants' liability took place in the city of San Marcos, San Diego County, California.

## III.    PLAINTIFF ALLEGAGIONS

8.      Plaintiff is the owner of a 2021 Harley-Davidson Sport Glide (the "Motorcycle") that he purchased in December of 2022 from Biggs Harley-Davidson in San Marcos, California. The Motorcycle had only 1800 miles on it when Plaintiff bought it. Plaintiff is a very experienced motorcycle rider and a member of Bikers For Christ ("BFC"). BFC is a Christian motorcycle ministry and he purchased the Motorcycle intending to use it during the group's ministries. However, on December 24, 2022, while Plaintiff was repositioning the Motorcycle in his garage, he was thrown to the ground when the kickstand failed.

9.      Plaintiff suffered serious injuries after the incident. For example, Plaintiff fractured his wrist and had to have plates and screws inserted. As a result, he continues to suffer agonizing pain in his wrist and thumb and lost the ability to do everyday tasks, such as buttoning his shirt. Plaintiff's injuries have also affected his hobbies, as he lacks the ability play bass guitar for the Full Throttle Band, which he had played with since 2011. Plaintiff has had to undergo physical therapy to rebuild the strength in his wrist.

10.     Additionally, Plaintiff's work has been affected by the incident. Due to his injuries, Plaintiff has not been able to perform many of his job duties for BFC or attend many events. For instance, Plaintiff is unable and has limited ability to operate a computer keyboard with both hands, which severely limits his productivity at work.

11.     Plaintiff is informed and believes and thereon alleges that the Motorcycle was defective at time of its manufacture, design, development, production, assembly, building, testing, inspection, installation, equipping, endorsement, exportation, importation, wholesaling, retailing, selling, renting, leasing, modification, and repair and entrustment, and that it failed to meet the reasonable expectations of safety of the consumers like Plaintiff, and that any benefits derived from the design of said Motorcycle were substantially outweighed by the risk of harm inherent in said design,

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST., SUITE #3
CARLSBAD, CALIFORNIA 92008

in that, and not by way of limitation, despite the availability to Defendants of safer alternative designs, said Motorcycle presented a substantial and unreasonable risk of injury to the users of said vehicles or those in the vicinity of their use such as Plaintiff.

12.    Specifically, Plaintiff is informed and believes and thereon alleges that said Motorcycle was defective in its design, construction, assembly and manufacture, and was dangerous to life and limb of the users, in that, among other things and not by way of limitation, said defective Motorcycle's kickstand was prone to fail causing the Motorcycle to fall, including on the drivers and/or passengers when the Motorcycle was parked or moved from one place to another. The aforementioned defects created substantial dangers which were unknown to Plaintiff, and would not be recognized by the ordinary user, and said Defendants failed to give adequate warning of such dangers and placed the defective kickstands in many of its products.

13.    The particular problem with the kickstand is that the manufacturer designed and installed it at an improper angle which effects the stability of the kickstand and motorcycle as it does not lock into place and gives way. It is very important for the bottom of the kickstand to fully lay on the ground, because its only in this position it locks and the motorcycle becomes stable and safe. Defendants, however, designed and installed the kickstand under an improper angle which does not allow the bottom of the kick stand to have a stable connection with the pavement it attempts to dig into the pavement. As the result, the lock on the kickstand is unable to properly lock and the motorcycle on this kickstand is not stable or safe – it can fall at any moment when properly and used in a foreseeable manner.

14.    Numerous companies and mechanics provide a fix for the position of the kickstand on Defendants' motorcycles that would allow the stock kickstand to operate properly and fulfill its function. The fix includes installation of a simple metal part changing the angle of the kickstand. This part sells for approximately $100.00 plus cost and time for installation. Plaintiff, however, was not notified about Defendants' defective product, design and installation by the Defendants and Defendants failed to include this fix to the kickstand with the motorcycle or provide any warning of a

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST. SUITE #3
CARLSBAD, CALIFORNIA 92008

4

dangerous and defective kickstand to the consumers, users and the public.

15.    The defects in the design, manufacture, configuration and assembly of the subject Motorcycle were a substantial factor in causing the Plaintiff's Motorcycle to fall when being moved in Plaintiff's garage, because due to a faulty angle the lock on the kickstands did not perform its function and Plaintiff was not warned about it by Defendants.

16.    Prior to the sale and distribution of said Motorcycle, Defendants Harley-Davidson, Inc. and DOES 1 through 20, inclusive, knew the Motorcycle was in a defective condition as previously described. Further, said Defendants, through their officers, directors and managing agents, had prior notice and knowledge from several sources before the subject incident, including but not limited to the results of testing, reports, complaints, documents, internal memoranda, correspondence, news reports, and industry publications, that the subject motorcycle was defective and presented a substantial and unreasonable risk of harm to the American motoring public, including Plaintiff, in that said defects unreasonably subjected drivers and passengers to a risk of being hit by falling Motorcycle.

17.    Despite such knowledge, Defendants Harley-Davidson, Inc. and DOES 1 through 20, inclusive, acting through their officers, directors and managing agents, for the purpose of enhancing Defendants' profits, knowingly and deliberately failed to remedy the known defects in said Motorcycle, and failed to warn the public, including Plaintiffs, of the extreme risk of injury occasioned by said defects. Said Defendants and individuals intentionally proceeded with the design, manufacture, sale, distribution and marketing of said Motorcycle, knowing persons would be exposed to serious potential danger in order to advance their own pecuniary interest. Defendants' conduct was despicable, and so contemptible that it would be looked down upon and despised by ordinary decent people, and said conduct was carried on by Defendants with a willful and conscious disregard for the safety of Plaintiff and others, entitling Plaintiff to exemplary damages under Civil Code section 3294.

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST. SUITE #3
CARLSBAD, CALIFORNIA 92008

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**GOMEZ LAW GROUP**
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST. SUITE #3
CARLSBAD, CALIFORNIA 92008

18.    As a result of the negligent and wrongful conduct of Defendants Harley-Davidson, Inc. and DOES 1 through 20, inclusive, Plaintiff has sustained injuries and damages, including surgery, installation of metal parts into his hand, pain, suffering and loss of enjoyment of life.

19.    As a further result of the conduct of said Defendants, Plaintiff suffered both past and future economic damages as a result of the actions and inactions herein described, including, but not limited to medical bills.

20.    As a further direct and proximate result of the acts and omissions of Defendants, and each of them, Plaintiff has incurred special and general damages in an amount according to proof at trial.

## I.

## FIRST CAUSE OF ACTION

### General Negligence - As Against All Defendants

21.    Plaintiff refers to the allegations contained in paragraphs 1 through 20 and, by such reference, hereby incorporates each and every allegation therein contained the same as if set forth herein in full.

22.    Plaintiff had the expectation that the Defendants' Motorcycle he purchased was safe and fit for use on public roadways and surfaces by persons such as Plaintiff and to be relocated within the garage.

23.    As Plaintiff was moving the Motorcycle within the garage, the kickstand failed which caused the Motorcycle to fall on Plaintiff and caused Plaintiff to suffer severe injuries.

24.    The failure of the kickstand mechanisms on the Motorcycle, Plaintiff's subsequent injury by the falling Motorcycle and the Plaintiff's resulting injuries were caused by the negligence of the aforesaid Defendants who failed to engage in reasonable care in the manufacture, possession, operation, inspection, control, maintenance, and design of their motorcycles.

25.    The aforementioned acts and omissions on the parts of Defendants, and

COMPLAINT FOR DAMAGES

1    each of them, were the actual and proximate cause of Plaintiff's injuries.

2        26.    As a direct and proximate result of Defendants' negligence, Plaintiff

3    suffered substantial injuries, pain and suffering, loss of enjoyment of life, and other

4    noneconomic damages in a sum to be proven at the time of trial.

5        27.    As a further direct and proximate result of defendants' negligence,

6    Plaintiff was compelled to and did incur expenses for medical care and he will have to

7    incur like expenses in the future, all in amounts presently unknown to him. Plaintiff

8    will either seek leave to amend this complaint once such amounts are known, or will

9    prove said amounts at the time of trial.

10       28.    As a further direct and proximate result of Defendants' negligence,

11   Plaintiff suffered wage loss and earning capacity, all in amounts presently unknown

12   to him. Plaintiff will either seek leave to amend this complaint once such amounts are

13   known, or will prove said amounts at the time of trial.

14       29.    Therefore, Plaintiff is entitled to general and special damages he

15   suffered as the result of Defendants' conduct, according to proof.

### II.

### SECOND CAUSE OF ACTION

### Strict Products Liability-

### Design Defects- Consumer Expectation Test

20       30.    Plaintiff alleges and reincorporates by reference each and every

21   allegation set forth in full herein, paragraphs 1 through 29.

22       31.    Plaintiff alleges the Defendants' motorcycle design was defective as the

23   motorcycle had a faulty kickstand and the motorcycle did not perform as an ordinary

24   customer would have expected it to perform.

25       32.    The Defendants manufactured, distributed, sold or rented for fee the

26   motorcycle that injured Plaintiff.

27       33.    The motorcycle did not perform as safely as an ordinary consumer

28   would have expected it to perform when used or misused in an intended or reasonably

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST. SUITE #3
CARLSBAD, CALIFORNIA 92008

1  foreseeable way.

2  34.    Plaintiff alleges Defendants were aware of the defect.

3  35.    Use of the product by Plaintiff was foreseeable.

4  36.    Plaintiff, Frederick R. Zariczny, was harmed; and

5  37.    The Defendants' motorcycle's failure to perform safely was a substantial

6  factor in causing Plaintiff's harm.

7  38.    As a direct and proximate result of Defendants' negligence, Plaintiff

8  suffered substantial injuries, pain and suffering, loss of enjoyment of life, and other

9  noneconomic damages in a sum to be proven at the time of trial.

10  39.    As a further direct and proximate result of defendants' negligence,

11  Plaintiff was compelled to and did incur expenses for medical care and he will have to

12  incur like expenses in the future, all in amounts presently unknown to him.  Plaintiff

13  will either seek leave to amend this complaint once such amounts are known, or will

14  prove said amounts at the time of trial.

15  40.    As a further direct and proximate result of Defendants' negligence,

16  Plaintiff suffered wage loss and earning capacity, all in amounts presently unknown

17  to him.  Plaintiff will either seek leave to amend this complaint once such amounts are

18  known, or will prove said amounts at the time of trial.

19  41.    Therefore, Plaintiff is entitled to general and special damages he

20  suffered as the result of Defendants' conduct, according to proof.

**III.**

**THIRD CAUSE OF ACTION**

**Strict Products Liability-**

**Design Defect- Risk-Benefit Test**

42.    Plaintiff alleges and reincorporates by reference each and every

allegation set forth in full herein, paragraphs 1 through 41.

43.    Plaintiff alleges the benefits of the defective design do not outweigh the

risks of inherent danger in such defective design.

44.   Plaintiff alleges the gravity of potential harm resulting from the product was extreme and highly probable to result in serious injury.

45.   The likelihood that serious harm would occur was highly likely when the kickstand fails.

46.   A safer alternative kickstand was available at the time of manufacture.

47.   The cost of the alternative design was reasonable.

48.   Disadvantages of an alternative design were slight compared to other factors.

49.   As a direct and proximate result of Defendants' negligence, Plaintiff suffered substantial injuries, pain and suffering, loss of enjoyment of life, and other noneconomic damages in a sum to be proven at the time of trial.

50.   As a further direct and proximate result of defendants' negligence, Plaintiff was compelled to and did incur expenses for medical care and he will have to incur like expenses in the future, all in amounts presently unknown to him.  Plaintiff will either seek leave to amend this complaint once such amounts are known, or will prove said amounts at the time of trial.

51.   As a further direct and proximate result of Defendants' negligence, Plaintiff suffered wage loss and earning capacity, all in amounts presently unknown to him.  Plaintiff will either seek leave to amend this complaint once such amounts are known, or will prove said amounts at the time of trial.

52.   Therefore, Plaintiff is entitled to general and special damages he suffered as the result of Defendants' conduct, according to proof.

**IV.**

**FOURTH CAUSE OF ACTION**

**Strict Products Liability-**

**Failure to Warn**

53.   Plaintiff alleges and reincorporates by reference each and every allegation set forth in full herein, paragraphs 1 through 52.

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST. SUITE #3
CARLSBAD, CALIFORNIA 92008

9

54.    Plaintiff alleges product lacked sufficient instructions of potential risks.

55.    Plaintiff alleges product lacked sufficient warnings of potential risks of harm as to failure of kickstand on Defendants' motorcycle.

56.    Defendants manufactured, distributed, sold or rented the motorcycle.

57.    The motorcycle had potential risks known in light of the knowledge generally accepted in the community at the time of manufacture, distribution, sale, rent or lease.

58.    The potential risks of harm presented a substantial danger when the motorcycle is used or misused in an intended or reasonably foreseeable way.

59.    Ordinary customers, including Plaintiff, would not have recognized the potential risks.

60.    Defendants failed to adequately warn of the potential risks.

61.    Plaintiff was harmed; and

62.    The lack of sufficient instructions or warning was a substantial factor in casing Plaintiff's harm.

63.    As a direct and proximate result of Defendants' negligence, Plaintiff suffered substantial injuries, pain and suffering, loss of enjoyment of life, and other noneconomic damages in a sum to be proven at the time of trial.

64.    As a further direct and proximate result of defendants' negligence, Plaintiff was compelled to and did incur expenses for medical care and he will have to incur like expenses in the future, all in amounts presently unknown to him. Plaintiff will either seek leave to amend this complaint once such amounts are known, or will prove said amounts at the time of trial.

65.    As a further direct and proximate result of Defendants' negligence, Plaintiff suffered wage loss and earning capacity, all in amounts presently unknown to him. Plaintiff will either seek leave to amend this complaint once such amounts are known, or will prove said amounts at the time of trial.

**GOMEZ LAW GROUP**
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST. SUITE #3
CARLSBAD, CALIFORNIA 92008

10

66.    Therefore, Plaintiff is entitled to general and special damages he suffered as the result of Defendants' conduct, according to proof.

## V.

## FIFTH CAUSE OF ACTION

## Products Liability-

## Negligence

67.    Plaintiff alleges and reincorporates by reference each and every allegation set forth in full herein, paragraphs 1 through 66.

68.    Plaintiff alleges se was harmed by Defendant's negligence and Defendants should be held responsible for the harm caused.

69.    Defendants designed, manufactured, sold or leased the motorcycle.

70.    Defendants supplied the motorcycle.

71.    Defendants failed to adequately inspect the motorcycle sufficient to avoid liability for the resulting harm.

72.    Defendants failed to adequately repair the motorcycle sufficient to avoid liability for the resulting harm.

73.    Defendants sold the harmful product to Plaintiff that caused the harm.

74.    Defendants' negligence was a substantial factor in causing Plaintiff's harm.

75.    Defendants failed to use the requisite amount of care in the design, manufacture, inspection, and repair of the motorcycle that a reasonably careful supplier would use in similar circumstances to avoid exposing other to a foreseeable risk of harm.

76.    Defendants knew or should have known the likelihood and severity of potential harm from the motorcycle outweighed the burden of taking safety measures to reduce the harm.

77.    Defendants failed to use reasonable care in the inspection of the motorcycles for defects.

COMPLAINT FOR DAMAGES

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST. SUITE #3
CARLSBAD, CALIFORNIA 92008

78. Defendants failed to make the motorcycles safe for their intended use.

79. Defendants failed to warn of any known dangers of the motorcycles to consumers.

80. As a direct and proximate result of Defendants' negligence, Plaintiff suffered substantial injuries, pain and suffering, loss of enjoyment of life, and other noneconomic damages in a sum to be proven at the time of trial.

81. As a further direct and proximate result of defendants' negligence, Plaintiff was compelled to and did incur expenses for medical care and he will have to incur like expenses in the future, all in amounts presently unknown to him. Plaintiff will either seek leave to amend this complaint once such amounts are known, or will prove said amounts at the time of trial.

82. As a further direct and proximate result of Defendants' negligence, Plaintiff suffered wage loss and earning capacity, all in amounts presently unknown to him. Plaintiff will either seek leave to amend this complaint once such amounts are known, or will prove said amounts at the time of trial.

83. Therefore, Plaintiff is entitled to general and special damages he suffered as the result of Defendants' conduct, according to proof.

## VI.

## SIXTH CAUSE OF ACTION

### Express Warranty-

### 15 U.S.C. §§ 2310(d)(1), 2301(6).

84. Plaintiff alleges and reincorporates by reference each and every allegation set forth in full herein, paragraphs 1 through 83.

85. Defendants represented by words or actions the motorcycle was safe for consumer operation, but the motorcycle was not as represented.

86. Defendants provide written warranties on their product websites representing statements of fact, descriptions of the model of the motorcycle, samples and models of the motorcycle received by Plaintiff that motorcycle is safe for

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST. SUITE #3
CARLSBAD, CALIFORNIA 92008

COMPLAINT FOR DAMAGES

consumer use.

87.    The motorcycle did not perform as stated and did not meet the quality of the descriptions, samples, or models expressed on given company websites soliciting purchase of motorcycles.

88.    Plaintiff took reasonable steps to notify Defendants within a reasonable time that the motorcycle was not as represented, whether or not Defendants received such notice.

89.    Defendants failed to repair the motorcycle as required by the warranty expressed on websites soliciting purchase of the motorcycles.

90.    Plaintiff was in fact harmed by the motorcycle.

91.    The failure of the motorcycle to be as represented was a substantial factor in causing Plaintiff's harm.

92.    As a direct and proximate result of Defendants' negligence, Plaintiff suffered substantial injuries, pain and suffering, loss of enjoyment of life, and other noneconomic damages in a sum to be proven at the time of trial.

93.    As a further direct and proximate result of defendants' negligence, Plaintiff was compelled to and did incur expenses for medical care and he will have to incur like expenses in the future, all in amounts presently unknown to him.  Plaintiff will either seek leave to amend this complaint once such amounts are known, or will prove said amounts at the time of trial.

94.    As a further direct and proximate result of Defendants' negligence, Plaintiff suffered wage loss and earning capacity, all in amounts presently unknown to him.  Plaintiff will either seek leave to amend this complaint once such amounts are known, or will prove said amounts at the time of trial.

95.    Therefore, Plaintiff is entitled to general and special damages he suffered as the result of Defendants' conduct, according to proof.

/ / /

/ / /

# VII.

## SEVENTH CAUSE OF ACTION

### Implied Warranty of Merchantability-

### 15 U.S.C. §§2301(7)

96.   Plaintiff alleges and reincorporates by reference each and every allegation set forth in full herein, paragraphs 1 through 95.

97.   Plaintiff also claims that she was harmed by the product that he purchased from Defendants because the motorcycle he purchased did not have the quality that a consumer would expect.

98.   Plaintiff purchased the motorcycle from the Defendants, who purchased the motorcycle from other Defendants who manufacture and supply the motorcycles to be sold to the consumers

99.   At the time of purchase, Defendants were in the business of manufacturing, selling and/or leasing these goods and held themselves out as having special knowledge or skill regarding these goods.

100.   Plaintiff further alleges the motorcycle was not of the same quality as those generally acceptable in the trade.

101.   The motorcycle was not fit for the ordinary purposes for which such goods are used.

102.   The motorcycle that injured Plaintiff did not conform to the quality established by the parties' prior dealings or by usage of trade.

103.   Plaintiff took reasonable steps to notify Defendants within a reasonable time that the motorcycle did not have the expected quality.

104.   Plaintiff was in fact harmed.

105.   The failure of the product to have the expected quality was a substantial factor in causing Plaintiff's harm.

106.   As a direct and proximate result of Defendants' negligence, Plaintiff suffered substantial injuries, pain and suffering, loss of enjoyment of life, and other

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST. SUITE #3
CARLSBAD, CALIFORNIA 92008

noneconomic damages in a sum to be proven at the time of trial.

107.    As a further direct and proximate result of defendants' negligence, Plaintiff was compelled to and did incur expenses for medical care and he will have to incur like expenses in the future, all in amounts presently unknown to him.  Plaintiff will either seek leave to amend this complaint once such amounts are known, or will prove said amounts at the time of trial.

108.    As a further direct and proximate result of Defendants' negligence, Plaintiff suffered wage loss and earning capacity, all in amounts presently unknown to him.  Plaintiff will either seek leave to amend this complaint once such amounts are known, or will prove said amounts at the time of trial.

109.    Therefore, Plaintiff is entitled to general and special damages he suffered as the result of Defendants' conduct, according to proof.

**VIII.**

**EIGHTH CAUSE OF ACTION**

**Implied Warranty of Fitness for a Particular Purpose**

110.    Plaintiff alleges and reincorporates by reference each and every allegation set forth in full herein, paragraphs 1 through 109.

111.    Plaintiff further alleges he was harmed by the motorcycle that he purchased from Defendants because the motorcycle was not suitable for Plaintiff's intended purpose.

112.    Plaintiff purchased the motorcycle from Defendants.

113.    At the time of purchase, Defendants knew or had reason to know that Plaintiff intended to use the product for a particular purpose.

114.    At the time of lease, Defendants knew or had reason to know that Plaintiff was relying on their skill and judgment to select or furnish motorcycles that were suitable for the particular purpose.

115.    Plaintiff justifiable relied on Defendant's skill and judgment.

116.    Plaintiff alleges the motorcycle he purchased was not suitable for the

**GOMEZ LAW GROUP**
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST. SUITE #3
CARLSBAD, CALIFORNIA 92008

15

particular purpose.

117.    Plaintiff took reasonable steps to notify Defendants within a reasonable time that the motorcycle was not suitable.

118.    Plaintiff was harmed.

119.    The failure of the motorcycle to be suitable was a substantial factor in causing Plaintiff's harm.

120.    As a direct and proximate result of Defendants' negligence, Plaintiff suffered substantial injuries, pain and suffering, loss of enjoyment of life, and other noneconomic damages in a sum to be proven at the time of trial.

121.    As a further direct and proximate result of defendants' negligence, Plaintiff was compelled to and did incur expenses for medical care and he will have to incur like expenses in the future, all in amounts presently unknown to him.  Plaintiff will either seek leave to amend this complaint once such amounts are known, or will prove said amounts at the time of trial.

122.    As a further direct and proximate result of Defendants' negligence, Plaintiff suffered wage loss and earning capacity, all in amounts presently unknown to him.  Plaintiff will either seek leave to amend this complaint once such amounts are known, or will prove said amounts at the time of trial.

123.    Therefore, Plaintiff is entitled to general and special damages he suffered as the result of Defendants' conduct, according to proof.

WHEREFORE, Plaintiff prays for judgment against defendants, and each of them, as follows:

1.    For general damages according to proof;

2.    For special damages according to proof;

3.    For loss of earnings and earning capacity according to proof;

4.    For costs of suit herein incurred;

5.    Interest;

16

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST. SUITE #3
CARLSBAD, CALIFORNIA 92008

6.      For punitive damages;

7.      Attorney's fees afforded under governing statutes; and

8.      For any other relief or damages allowed by law, or statutes not set out above, and such other and further relief as the court may deem proper.

Dated: July 17, 2023

**GOMEZ LAW GROUP**
By: _____.
Alvin M. Gomez, Esq.
Boris Smyslov, Esq.
Attorney for Plaintiff
Frederick R. Zariczny

### **DEMAND FOR TRIAL BY JURY**

Plaintiff FREDERICK R. ZARICZNY hereby demands a trial by jury.

Dated: July 17, 2023

**GOMEZ LAW GROUP**
By: _____.
Alvin M. Gomez, Esq.
Boris Smyslov, Esq.
Attorney for Plaintiff
Frederick R. Zariczny

**GOMEZ LAW GROUP**
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST. SUITE #3
CARLSBAD, CALIFORNIA 92008

17

# EXHIBIT D

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | |
| STREET ADDRESS: | 325 S Melrose DRIVE |
| MAILING ADDRESS: | 325 S Melrose DRIVE |
| CITY AND ZIP CODE: | Vista, CA 92081-6695 |
| DIVISION: | North County |
| TELEPHONE NUMBER: | (760) 201-8028 |

| |
|---|
| **PLAINTIFF(S) / PETITIONER(S):**   Frederick R Zariczny |
| **DEFENDANT(S) / RESPONDENT(S):**   Harley-Davidson Inc |
| ZARICZNY VS HARLEY-DAVIDSON INC [IMAGED] |

| | |
|---|---|
| **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL)** | CASE NUMBER: |
| | 37-2023-00029739-CU-PL-NC |

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge:  Earl H. Maas, III                                                Department: N-28

**COMPLAINT/PETITION FILED:** 07/17/2023

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 12/29/2023 | 10:00 am | N-28 | Earl H. Maas, III |

**Case Management Conferences (CMCs) may be conducted virtually or in person.**  Anyone wishing to appear remotely should visit the "Appearing for Hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC.  (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint.  An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint.  A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed.  If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6).  If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date.  See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged.  The court encourages and expects the parties to consider using ADR options prior to the CMC.  The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

## NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases.  Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing.  E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court.  All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program."  This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain.  The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150.  Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed.  Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

# EXHIBIT E

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO | *FOR COURT USE ONLY* |
|---|---|
| STREET ADDRESS:    325 S. Melrose | |
| MAILING ADDRESS:    325 S. Melrose | |
| CITY, STATE, & ZIP CODE:   Vista, CA  92081-6695 | |
| BRANCH NAME:    North County | |

| PLAINTIFF(S):    Frederick R Zariczny |
|---|
| DEFENDANT(S):  Harley-Davidson Inc |
| SHORT TITLE:    ZARICZNY VS HARLEY-DAVIDSON INC [IMAGED] |

| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br>37-2023-00029739-CU-PL-NC |
|---|---|

Judge: Earl H. Maas, III                                                          Department: N-28

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐  Mediation (court-connected)                    ☐  Non-binding private arbitration

☐  Mediation (private)                              ☐  Binding private arbitration

☐  Voluntary settlement conference (private)        ☐  Non-binding judicial arbitration (discovery until 15 days before trial)

☐  Neutral evaluation (private)                     ☐  Non-binding judicial arbitration (discovery until 30 days before trial)

☐  Other (*specify e.g., private mini-trial, private judge, etc.*): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                    Date: _____

_____              _____
Name of Plaintiff                                     Name of Defendant

_____              _____
Signature                                             Signature

_____              _____
Name of Plaintiff's Attorney                          Name of Defendant's Attorney

_____              _____
Signature                                             Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated:  07/17/2023                                     JUDGE OF THE SUPERIOR COURT

# EXHIBIT F

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**07/17/2023** at 09:53:30 AM

Clerk of the Superior Court
By Amy Woolf, Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HARLEY-DAVIDSON, INC., a Wisconsin corporation, and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Frederick Zariczny, on behalf of himself, all others similarly situated, and the general public

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* North County Superior Court

325 South Melrose Drive, Vista, California 92081

CASE NUMBER:
*(Número del Caso):*  37-2023-00029739-CU-PL-NC

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alvin M. Gomez, 2725 Jefferson Street, Suite 3, Carlsbad, CA 92008, Phone (858)552-0000

| DATE:<br>*(Fecha)* | 07/17/2023 | Clerk, by<br>*(Secretario)* _____ | *A Woolf*<br>A. Woolf | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
    under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

# EXHIBIT G

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 137818 | FOR COURT USE ONLY |
|---|---|---|
| NAME: Alvin M. Gomez, Esq. | | |

NAME: Alvin M. Gomez, Esq.
FIRM NAME: Gomez Law Group PC
STREET ADDRESS: 2725 Jefferson Street
CITY: Carlsbad    STATE: CA    ZIP CODE: 92008
TELEPHONE NO.: (858) 552-0000    FAX NO.: (760) 542-7761
E-MAIL ADDRESS: alvingomez@thegomezlawgroup.com
ATTORNEY FOR (Name): Plaintiff Frederick Zariczny

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Diego
STREET ADDRESS: 325 South Melrose Drive
MAILING ADDRESS: 325 South Melrose Drive
CITY AND ZIP CODE:    Vista, California 92081
BRANCH NAME: Spring Street Courthouse

Plaintiff/Petitioner:  Frederick Zariczny
Defendant/Respondent:  Harley-Davidson, Inc., et al.

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>37-2023-00029739-CU-PL-NC |
|---|---|

TO (insert name of party being served):  Harley-Davidson, Inc.

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing:  July 28, 2023

Alvin M. Gomez
(TYPE OR PRINT NAME)

(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):

1.  [x]  A copy of the summons and of the complaint.
2.  [x]  Other (specify):

3. Alternate Dispute Resolution Packet; 4. Notice to Litigants; and 5. Notice of Case Assignment.

(To be completed by recipient):

Date this form is signed: _____

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

# EXHIBIT H

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| GOMEZ LAW GROUP PC<br>Alvin Gomez SBN 137818<br>2725 Jefferson Street Suite 7<br>Carlsbad, CA 92008<br>    TELEPHONE NO:               FAX NO *(Optional):*<br>E-MAIL ADDRESS *(Optional):*  alvingomez@thegomezlawgroup.com<br>    ATTORNEY FOR *(Name):*  Plaintiff | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**08/11/2023** at 02:13:00 AM<br><br>Clerk of the Superior Court<br>By E- Filing,Deputy Clerk |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Diego |
|---|
|   STREET ADDRESS:  325 S. Melrose Drive<br>  MAILING ADDRESS:<br>CITY AND ZIP CODE:  Vista, 92081<br>  BRANCH NAME:  North |

| PLAINTIFF / PETITIONER:  Frederick R. Zariczny<br>DEFENDANT / RESPONDENT:  Harley-Davidson, Inc., et al. | CASE NUMBER:<br>37-2023-00029739-CU-PL-NC |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>9273459 (20893069) |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] Summons
   b. [X] Complaint
   c. [X] Alternative Dispute Resolution (ADR) Package
   d. [ ] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] Cross-Complaint
   f. [X] Other *(specify documents):*   Notice of Case Assignment and Case Management Conference, Stipulation to Use Alternative Dispute Resolution
3. a. Party served *(specify name of party as shown on documents served):*
      HARLEY-DAVIDSON, INC.
   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      CT Corporation System - Daisy Montenegro, Intake Specialist
4. Address where the party was served:
   330 North Brand Blvd #700, Glendale, CA 91203
5. I served the party *(check proper box)*
   a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on *(date):*  Mon, Jul 31 2023       (2) at *(time):*  12:25 PM
   b. [ ] **by substituted service.** On *(date):*              at *(time):*           I left the documents listed in
      item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be
      served. I informed him or her of the general nature of the papers.
      (2) [ ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the
      party. I informed him or her of the general nature of the papers.
      (3) [ ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person
      to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the
      papers.
      (4) [ ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place
      where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*
      from *(city):*                   or [ ] a declaration of mailing is attached.
      (5) [ ]  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF / PETITIONER:  Frederick R. Zariczny | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:  Harley-Davidson, Inc., et al. | 37-2023-00029739-CU-PL-NC |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1)  on *(date)*:      (2)  from *(city)*:

(3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

(4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d.  ☐  **by other means** *(specify means of service and authorizing code section)*:

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

a.  ☐  as an individual defendant.

b.  ☐  as the person sued under the fictitious name of *(specify)*:

c.  ☐  as occupant.

d.  ☒  On behalf of *(specify)*:    HARLEY-DAVIDSON, INC.

under the following Code of Civil Procedure section:

| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
|---|---|
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| ☐ other: | |

7.  **Person who served papers**

a.  Name:    Martha Mauricio

b.  Address:    1400 N. McDowell Blvd., Suite 300 Petaluma, CA 94947

c.  Telephone number:    800.938.8815

d.  **The fee** for service was:    $40.00

e.  I am:

(1)  ☐  not a registered California process server.

(2)  ☐  exempt from registration under Business and Professions Code section 22350(b).

(3)  ☒  a registered California process server:

(i)  ☐ owner   ☐ employee   ☒ independent contractor

(ii)  Registration No:    2023117509

(iii)  County:    Los Angeles

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:   08/10/2023

Martha Mauricio

_____

(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack USA- P000618
1400 N McDowell Blvd Suite 300
Petaluma, CA 94947
800-938-8815

_____

(SIGNATURE)

# EXHIBIT I

**DYKEMA GOSSETT LLP**
DOMMOND E. LONNIE, State Bar No. 142662
   *DLonnie@dykema.com*
ABIRAMI GNANADESIGAN, State Bar No. 263375
   *AGnanadesigan@dykema.com*
444 South Flower Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Defendant Harley-Davidson, Inc.

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| FREDERICK ZARICZNY, | Case No. 37-2023-00029739-CU-PL-NC |
| Plaintiff, | **DEFENDANT HARLEY-DAVIDSON, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| v. | |
| HARLEY-DAVIDSON, INC., and DOES 1 through 20, inclusive, | Assigned for All Purposes to: Hon. Earl H. Maas, III, Dept. N-28 |
| Defendants. | Action Filed:        7/17/2023 |

Defendant Harley-Davidson, Inc. ("Harley-Davidson"), by and through its attorneys, answers the Complaint (the "Complaint") of Plaintiff Frederick Zariczny ("Plaintiff") as follows:

### GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30(d), Harley-Davidson denies each and every allegation, both specifically and generally, of each cause of action contained in the Complaint and denies that Plaintiff was injured and/or damaged in any sum or sums or at all.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Harley-Davidson alleges that Plaintiff has failed to mitigate his alleged damages.

/ / /

/ / /

---

DEFENDANT HARLEY-DAVIDSON, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

## SECOND AFFIRMATIVE DEFENSE

Harley-Davidson alleges that Plaintiff's alleged damages were caused by the misuse, abuse, modification, and/or alteration of the subject motorcycle.

## THIRD AFFIRMATIVE DEFENSE

Harley-Davidson alleges that Plaintiff's alleged damages were the direct and proximate result of intervening and superseding forces or events over which Harley-Davidson exercised no control.

## FOURTH AFFIRMATIVE DEFENSE

Harley-Davidson alleges that the Complaint fails to state facts sufficient to constitute a cause of action against this Harley-Davidson.

## FIFTH AFFIRMATIVE DEFENSE

Harley-Davidson alleges that the injuries and damages, if any, of which Plaintiff complains were caused and/or contributed to by the negligence of Plaintiff, and Plaintiff is therefore barred from recovery herein, or the Plaintiff's damages, if any, are reduced according to law.

## SIXTH AFFIRMATIVE DEFENSE

Harley-Davidson alleges that the alleged damages, injuries, and losses were caused or contributed to by the negligence, fault, or other culpable conduct of one or more other persons or entities over whom Harley-Davidson had no control or responsibility, including other parties and/or one or more persons or entities from whom Plaintiff does not seek recovery in this action (non-parties), and the amount of damages, if any, Plaintiff may recover against Harley-Davidson must be diminished in the proportion that the other persons or entities' conduct contributed to the alleged damages, injuries, or losses.

## SEVENTH AFFIRMATIVE DEFENSE

Harley-Davidson alleges that the Complaint fails to state a cause of action against it in that it is based upon a legal theory which violates Harley-Davidson's right to due process and equal protection since any claims based upon the definition of defect as set forth in the case of *Barker v. Lull*, 20 Cal.3d 413 (1978), or its progeny, attempt to impose liability under a vague and indefinite law without any objective standard by which Harley-Davidson's conduct could be measured at the

2

time it designed, manufactured or distributed the subject motorcycle.

### EIGHTH AFFIRMATIVE DEFENSE

Harley-Davidson alleges that the product is not defective. At the time of manufacture and sale of the product there was no available, practical and technically feasible design which would have prevented the harm for which Plaintiff seeks to recover damages.

### NINTH AFFIRMATIVE DEFENSE

Harley-Davidson alleges that, at the time of the subject motorcycle's manufacture and original sale, the motorcycle's design and manufacture comported with the prevailing state of the art.

### TENTH AFFIRMATIVE DEFENSE

The cause of the incident giving rise to this action was a use of the motorcycle for a purpose, in a manner, or in an activity other than that which was reasonably foreseeable, or was contrary to any express and adequate instructions or warnings appearing on or attached to or delivered with the motorcycle about which Plaintiff in the exercise of reasonable diligence, should have known.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by the misuse, alteration and/or lack of maintenance of the subject motorcycle, and such misuse, alteration and/or lack of maintenance bars Plaintiff's claims against Harley-Davidson.

### TWELFTH AFFIRMATIVE DEFENSE

Harley-Davidson alleges that Plaintiff's recovery of benefits, insurance proceeds, and/or settlement proceeds in connection with the incident alleged in the Complaint is a collateral source subject to set-off from any judgment rendered in his favor.

### THIRTEENTH AFFIRMATIVE DEFENSE

Harley-Davidson alleges that the subject motorcycle referred to in the Complaint may not have been in the same condition at the time of the alleged events and/or damages as when it was distributed.

///

///

DEFENDANT HARLEY-DAVIDSON, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

1

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

## FOURTEENTH AFFIRMATIVE DEFENSE

Harley-Davidson is informed and believe and thereon alleges that Plaintiff and/or his agents and representatives may have failed to preserve evidence, including but not limited to the motorcycle which is the subject of the Complaint and, by way of spoliation of evidence, Plaintiff has prevented and/or precluded this Harley-Davidson from properly investigating and preparing an adequate defense to the matters herein alleged, all to Harley-Davidson's irreparable damage, thereby providing a legal basis for relief, including but not limited to an order of dismissal and/or barring introduction of evidence concerning any alleged defect in the subject motorcycle which may have existed at the time of original manufacture and sale.

## FIFTEENTH AFFIRMATIVE DEFENSE

If Plaintiff received or is entitled to receive benefits from certain collateral sources, Harley-Davidson is entitled to a set-off.

## SIXTEENTH AFFIRMATIVE DEFENSE

Harley-Davidson alleges that the subject motorcycle complied with any and all applicable federal and/or state standards.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Harley-Davidson alleges to the extent punitive damages are sought against it, the Complaint and each cause of action alleged therein fails to state facts sufficient to justify an award of punitive damages and that the Complaint and each cause of action alleged therein, fails to state sufficient and specific facts to support the underlying allegations. Further, Plaintiff's claims for punitive damages are unconstitutional and invalid in that they violate the United States Constitution, including but not limited to the Due Process Clause, and the Fifth, Sixth and Eighth Amendments.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Harley-Davidson alleges that it is not responsible for any harm to Plaintiff because Harley-Davidson and/or other parties eliminated any implied representations relating to the quality that Plaintiff would expect from the subject motorcycle's fitness for a particular purpose because the motorcycle was sold "as is," the implied warranty was expressly excluded or modified in writing,

DEFENDANT HARLEY-DAVIDSON, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT

the implied warranty was excluded by course of dealing or trade usage, Plaintiff inspected the motorcycle or had the opportunity to inspect the motorcycle and refused before purchase,

### NINETEENTH AFFIRMATIVE DEFENSE

Harley-Davidson alleges that it is not responsible for any harm to Plaintiff because Plaintiff at the time of purchase did not intend to use the motorcycle for a particular purpose; Harley-Davidson at the time of purchase had no reason to know of Plaintiff's particular purpose, if any; Plaintiff did not rely on Harley-Davidson's skill or judgment to select or furnish a motorcycle suitable for the particular purpose; and/or Harley-Davidson at the time of purchase had no reason to know that Plaintiff was relying on such skill or judgment.

### TWENTIETH AFFIRMATIVE DEFENSE

Harley-Davidson alleges that Plaintiff has failed to join all proper parties, has mis-joined the parties to this action and/or has failed to name the appropriate defendant responsible for the design, manufacture and testing of the subject Harley-Davidson motorcycle.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Harley-Davidson alleges it may have additional affirmative defenses available to it, of which it is not now fully aware. Harley-Davidson reserves the right to assert additional affirmative defenses after the same shall have been ascertained.

### PRAYER

WHEREFORE, Harley-Davidson prays as follows:

1. For the dismissal of the Complaint with prejudice;

2. For a judgment in favor of Harley-Davidson and against Plaintiff;

3. For costs of suit incurred herein; and

4. For such other and further relief as the Court may deem just and proper.

///

///

///

///

///

**DYKEMA GOSSETT LLP**
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

## **DEMAND FOR JURY TRIAL**

Defendant Harley Davidson Motor Company, Inc. hereby demands a trial by jury.

DATED:  August 29, 2023

DYKEMA GOSSETT LLP

By:
_____
DOMMOND E. LONNIE
ABIRAMI GNANADESIGAN
Attorneys for Defendant Harley-Davidson, Inc.

DEFENDANT HARLEY-DAVIDSON, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT

**PROOF OF SERVICE**

*Frederick Zariczny v. Harley-Davidson, Inc., et. al.*
*San Diego Superior Court, Case No. 37-2023-00029739-CU-PL-NC*

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 444 South Flower Street, Suite 2200, Los Angeles, California 90071.

On August 29, 2023, I served true copies of the following document(s) described as **DEFENDANT HARLEY-DAVIDSON, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** on the interested parties in this action as follows:

| | |
|---|---|
| Alvin M. Gomez, Esq.<br>Boris Smyslov, Esq.<br>Stephen N. Ilg, Esq.<br>GOMEZ LAW GROUP<br>2725 Jefferson Street, Suite 3<br>Carlsbad, CA  92008<br>Telephone:    (858) 552-0000<br>Facsimile:    (760) 542-7761<br>E-mail:   alvingomez@thegomezlawgroup.com<br>         boris@thegomezlawgroup.com<br>         silg@ilglegal.com | ***Attorneys for Plaintiff FREDERICK ZARICZNY on behalf of himself, all others similarly situated, and the general public*** |

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Dykema Gossett LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Los Angeles, California.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address ESalmon@dykema.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 29, 2023, at Los Angeles, California.

_____
Emma Salmon

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

DEFENDANT HARLEY-DAVIDSON, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT